# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CLARENCE ANDERSON,                                                              PLAINTIFF
ADC #165441

v.                          3:19CV00294-KGB-JTK

GRAY, et al.                                                                          DEFENDANTS

## ORDER

By Order dated December 3, 2019, (Doc. No. 7), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this federal civil rights action. However, finding that Plaintiff's complaint failed to include specific factual allegations against the Defendants, the Court directed Plaintiff to submit an Amended Complaint within thirty days. (Id.) The Court asked Plaintiff to: **"name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he was incarcerated as a pretrial detainee."** (Id., p. 4)

Plaintiff has now filed an Amended Complaint, which does not set forth any specific facts or allegations against any of the named Defendants.

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1

for the misconduct alleged. Twombly, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

The Court will provide Plaintiff one final opportunity in which to file a short second Amended Complaint which sets forth **one claim** (referring to one incident) against the Defendant or Defendants involved, which he wishes to pursue in this case. This second Amended Complaint will render his Original and Amended Complaints without legal effect, and will take the place of those pleadings.[1] In the second Amended Complaint, Plaintiff shall specifically and clearly state the following: **(1) the name of each individual personally involved in the action/incident at issue in the complaint; (2) how each individual was personally involved in the action/incident; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places and he must set forth specific facts/allegations against the named Defendants.** If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall have one final opportunity in which

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

to submit a second Amended Complaint in accordance with the directions set forth in this Order, within thirty days of the date of this Order. Failure to comply with this Order shall result in the dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

    IT IS SO ORDERED this 20th day of December, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE